```
                UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF OHIO


ARTIE GRISSOM,                    )    CASE NO. 3:06 CV 995
                                  )
        Petitioner,               )    JUDGE JACK ZOUHARY
                                  )
    v.                            )
                                  )    OPINION AND ORDER
JESSE WILLIAMS,                   )
                                  )
        Respondent.               )
```

On April 21, 2006, petitioner pro se Artie Grissom filed this habeas corpus action under 28 U.S.C. § 2254. Grissom is incarcerated in an Ohio penal institution, having been convicted of robbery, felonious assault, drug abuse, and assault on a police officer in 1999. He was denied an application to reopen his appeal in March 2001, and around August 2005 his motion for Delayed Reconsideration was also denied. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in

custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the Petition that approximately seven years passed from the date of Grissom's conviction until the filing of the Petition. His 2005 Motion for Delayed Reconsideration - apparently unavailing because of its gross untimeliness - cannot "retrigger" the statute of limitations, under these circumstances, for bringing a federal habeas action. Robinson v. Moore, No. 00-4348, 20 Fed.Appx. 358, 2001 WL 1136056 (6th Cir. Sept. 19, 2001, Cf. Searcy v. Carter, 246 F.3d 515 (2001)(filing of delayed appeal to Ohio Supreme Court does not

cause federal habeas statute of limitations to begin running anew). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonble suggestion of any other basis for tolling the one year statute of limitations. Therefore, the Petition must be dismissed as time-barred.

Accordingly, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*s/  Jack Zouhary*   6/27/06
JACK ZOUHARY
UNITED STATES DISTRICT JUDGE